F I L E D
Clerk
District Court

SEP - 5 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 02-00010 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | ORDER DENYING FIRST |
| ) | 28 U.S.C. § 2255 MOTION and |
| TOMAS B. ALDAN, ) | DENYING CERTIFICATE |
| ) | OF APPEALABILITY |
| Defendant ) | |
| _____ ) | |

THIS MATTER is before the court on *pro se* defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The motion must be promptly examined by the court. "Rules Governing Section 2255 Proceedings," Rule 4 (b). The motion is denied because the court finds that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" *Id.*

Defendant was indicted on April 24, 2002, convicted by a jury on January 12, 2004 (along with two co-defendants; a third co-defendant had already pleaded guilty),

and subsequently sentenced to ten years' imprisonment. He timely appealed. His conviction was affirmed by the U.S. Court of Appeals for the Ninth Circuit in an unpublished decision dated July 27, 2005, which became final on August 18, 2005. However, the matter was returned to this court on limited remand "to determine whether the sentence imposed would have been materially different had the [ ] court known that the sentencing guidelines were advisory," citing United States v. Ameline, 409 F.3d 1073, 1074 (9th Cir. 2005) (*en banc*). The court denied resentencing by order dated and docketed September 6, 2005.

Defendant now criticizes all aspects of his retained lawyer's performance, from trial preparation to closing argument. Aldan also argues his non-involvement in the conspiracy and wire fraud charges for which he was convicted, all contentions which a jury of his peers heard, considered, and rejected.

The court has a specific recollection of this 25-day criminal trial and the five days of jury deliberations, and has also consulted the transcript which was prepared for appellate purposes.

The Sixth Amendment to the United States Constitution provides that a criminal defendant has the right to "the Assistance of Counsel for his defence." A defendant alleging a Sixth Amendment violation based on ineffective assistance of counsel must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052 (1984). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland v. Washington, 466 U.S. at 689. The strong presumption of reasonable professional assistance is due in part to "the difficulties in evaluating attorney performance in hindsight[.]" United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir.), *cert. denied*, ___ U.S. ___, 126 S.Ct. 198 (2005). The court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* Aldan must show that his counsel's representation fell below an objective standard of reasonableness and establish that there is a reasonable probability that the result of his trial would have been different had counsel performance been adequate. United States v. Quintero-Barraza, 78 F.3d 1344 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). "Reasonable probability" of a different outcome is probability sufficient to undermine confidence in the outcome of the trial. United States v. Thomas, 417 F.3d 1053 (9th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S.Ct. 1095 (2006). When assessing the probability of a different outcome, the court must consider the totality of the evidence before the jury. Young v. Runnels, 435 F.3d 1038 (9th Cir. 2006). Mere disagreement with counsel's tactical decisions does not provide the basis for declaring that the representation was constitutionally deficient. Raley v. Ylst, 444 F.3d 1085 (9th Cir. 2006).

Aldan complains, first, that his attorney did not meet with him in the month before trial. He next argues that his attorney's alleged lack of preparation led to his inability to cast doubt upon the prosecution's case; indeed, Aldan alleges that his attorney should have been able to affirmatively persuade the jury of Bank President Aldan's innocent role regarding these factual issues: (1) his illegal advance of Bank of Saipan funds to his fellow conspirators, (2) his ratification of a $500,000.00 advance to fellow co-conspirator Wilson, followed by the illegal disbursement of $4.5 million to Wilson; (3) his illegal approval of a $260,000.00 personal loan to fellow co-conspirator Montgomery; (4) his illegal $500,000.00 personal loan to himself; and, (5) his authorization and subsequent concealment of an illegal $240,000.00 wire transfer. Finally, defendant Aldan also argues that his motion should be granted because his counsel's closing argument "was a rambling and incoherent babbling which did more harm than good, and should warrant a new trial without more." Aldan's "Memorandum in Support of Motion," p. 15, lines 25-27 (Aug 25, 2006).

The court will address Aldan's last argument first, since the case he relies upon, <u>Gentry v. Roe</u>, 300 F.3d 1007 (9th Cir. 2002), was reversed by the U.S. Supreme Court in <u>Yarborough v. Gentry</u>, 540 U.S. 5, 124 S.Ct. 1 (2003). In <u>Yarborough</u>, which involved federal review of a state court conviction and affirmance on appeal, the Supreme Court reaffirmed that defense counsel "has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his

closing argument is particularly important because of the broad range of legitimate defense strategy at that stage. * * * Judicial review of a defense attorney's summation is therefore highly deferential---and doubly deferential when it is conducted through the lens of federal habeas." <u>Yarborough v. Gentry</u>, 540 U.S. at 5-6. As the Supreme Court again recognized in Yarborough and the cases cited therein: "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." <u>Yarborough v. Gentry</u>, 540 U.S. at 9.

The court's recollection of defense counsel's closing argument was confirmed by a review of the transcript. Aldan's counsel's closing argument was not "perfunctory," as was criticized in <u>Gentry v. Roe</u>, *supra*. Rather, it occupies 34 pages of the transcript. Vol. XV, pp. 4528-4562. Counsel's closing argument attacks the perceived weaknesses in the government's case, the accuracy and reliability of the witnesses, his client's role in the proceedings, and why he should not be found guilty beyond a reasonable doubt. It was not "perfect advocacy," but neither did it fall below the "reasonable competence" standard enunciated in <u>Strickland v. Washington</u>.

Aldan also complains of his attorney's presumed lack of trial preparation, alleging that his lawyer did not meet with him in the month prior to trial. Yet, if this allegation is true, the court is at a loss to understand why Aldan at that time took no corrective action or brought his concerns to the attention of the court. Indeed, until the filing of this *habeas corpus* petition, he has taken no action at all to pursue his claim

of ineffective counsel. And this despite the fact that his appellate counsel listed as a possible ground for appeal the performance of trial counsel: "...whether defendant Aldan received effective assistance of counsel...." "Statement of Issues Which Defendant Tomas B. Aldan Intends to Present on Appeal," Docket No. 253 (Jan. 20, 2004). Although ineffective assistance of counsel claims typically are brought in a collateral proceeding such as this one, such claims can be brought on direct appeal in cases "in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal." Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690 (2003). Aldan's appellate counsel, an attorney of many years' experience who has earned an enviable reputation for his criminal defense work, did not pursue the question of the effectiveness of trial counsel on direct appeal. The court also notes that Aldan supports the claim that his trial counsel did not meet with him even once in the month prior to trial only with the affidavit of his wife, and no one else's. He also does not explain why, if his allegation is true, he did not constantly pester his attorney to meet with him, since Aldan had been released prior to trial and was entirely free to contact his attorney. Had defendant made a pretrial challenge to the effectiveness of his counsel, which according to the allegations in his motion he could have done, the court could have conducted an enquiry at that time into the claim to determine the truth and scope of the allegations. *See e.g.* Monroe v. United States, 389 A.2d 811 (1978), *cert. denied*, 439

U.S. 1006, 99 S.Ct. 621.  Given all these circumstances, the court cannot conclude that defense counsel was ineffective.

The final argument raised by Aldan falls squarely in the strategy/tactics area. Aldan complains that his attorney could have and should have conducted parts of his defense differently.  Complaints which implicate trial strategy or tactics are not a proper basis for a claim of ineffective assistance of counsel; the only question is whether counsel's choices were reasonable.  Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000).  Aldan's complaints can fairly be characterized as criticizing his counsel's approach to the conduct of his defense which, in hindsight, was not persuasive to the jury.

In light of the case law and the nature of Aldan's complaints about his attorney's performance, the court does not find that his attorney provided assistance that fell below the standard required to be met by the Sixth Amendment.  Specifically, the court is not persuaded that there is a reasonable probability that the outcome of the trial would have been different, even accepting all of Aldan's arguments as true, given the totality of evidence of his guilt beyond a reasonable doubt.  Young v. Runnels, 435 F.3d 1038 (9th Cir. 2006), *supra*.  Accordingly, his motion is denied.

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus." 28 U.S.C. § 2255. This court declines to issue a certificate of appealability because

7

applicant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___5TH___ day of September, 2006.

*Alex R. Munson*
ALEX R. MUNSON
Judge